UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:03CV15-J

CARRIE GENTRY                                                                                                    PETITIONER

v.

DORIS DEUTH, Warden
Kentucky Correctional Institute for Women                                                        RESPONDENT

### MEMORANDUM OPINION

This matter is before the Court upon Petitioner Carrie Gentry's Motion to Enforce May 21, 2004 Judgment. Petitioner seeks enforcement of the Judgment of this Court which awarded her a Conditional Writ of Habeas Corpus so as to relieve her of the collateral consequences of her conviction. The Court has reviewed the record and briefs of the parties and, for the reasons that follow, will make the Writ of Habeas Corpus Absolute for failure of the Respondent to abide by the conditions imposed, and will grant Petitioner the relief requested.

Gentry was convicted of Manslaughter 2nd Degree and Driving Under the Influence in McCracken Circuit Court, and the Judgment of Conviction was entered on July 6, 2000. Gentry was found guilty of driving under the influence, and of causing the motor vehicle accident in which her passenger was killed. Petitioner assigned numerous trial errors on appeal in the state courts, including a claim that she was denied her constitutional right to confront five state prosecution witnesses in violation of the 6th Amendment. After exhausting her state court appeals, Gentry filed in this Court a Petition for Writ of Habeas Corpus. This Court determined that the trial testimony of five prosecution expert witnesses via two-way, closed circuit television (despite their having been subpoenaed for live testimony by the prosecution) lacked compelling state justification, and violated her right to confrontation, contrary to Maryland v. Craig, 497 U.S. 836, 848-50 (1990).

Accordingly, this Court entered Judgment granting Petitioner a Conditional Writ of Habeas Corpus, which reads in pertinent part as follows:

> 2) The motion of the petitioner for a writ of habeas corpus be, and it is, hereby CONDITIONALLY GRANTED if the Commonwealth does not retry Gentry within ninety (90) days of the entry of this judgment should not [sic] appeal be taken, or within ninety (90) days of any final opinion on appeal that affirms this revisited decision should an appeal be taken by the respondent.

At the time of this Court's decision granting the Conditional Writ of Habeas Corpus, Petitioner had already served her term of incarceration. She was released from prison on July 2, 2003. The Commonwealth elected not to re-try the Petitioner within the ninety (90) day window as permitted by the Conditional Writ of Habeas Corpus.[1] The Attorney General filed a timely appeal on behalf of the Respondent to the United States Court of Appeals for the Sixth Circuit, but voluntarily dismissed the appeal as of July 14, 2004.

The very nature of the Conditional Writ entered in this case contemplated that this Court could re-visit the issue to determine whether the condition precedent was met. For that reason, this Court has jurisdiction to determine whether a party has complied with the terms of the Conditional Writ, and to otherwise "dispose of the matter as law and justice require." 28 U.S.C. §2243.

---

[1] A chronology of the pertinent events in this case is as follows:

| | |
|---|---|
| July 6, 2000 | McCracken Circuit Court Judgment of Conviction entered |
| June 5, 2002 | Petitioner exhausts state court remedies challenging her conviction |
| Jan. 23, 2003 | Petitioner files habeas corpus petition in U.S. District Court |
| July 2, 2003 | Petitioner completes sentence and is released from prison |
| May 21, 2004 | Federal court grants Conditional Writ of Habeas Corpus |
| June 23, 2004 | Respondent appeals Conditional Writ to Sixth Circuit |
| July 14, 2004 | Respondent voluntarily dismisses appeal challenging Writ |
| Jan. 27, 2005 | Petitioner moves to enforce Judgment granting Conditional Writ |

This Court must now decide whether Petitioner is entitled to the relief she has requested for the Respondent's failure to fulfill the terms of the Conditional Writ. At the time Petitioner made the present Motion to Enforce, she was still without an operators license from the Kentucky Department of Transportation, and still a convicted felon according to the penal records of the Commonwealth of Kentucky. Petitioner seeks to enforce the Writ, asking this Court to vacate the judgment of conviction so as to restore her civil rights and drivers license.

The United States Supreme Court has recognized that habeas corpus relief from such collateral consequences attending criminal convictions should be available, Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). In Carafas, the Court made it clear that habeas courts have the power to relieve successful petitioners of the collateral consequences which burden them even after a criminal sentence has been served. Similarly, the Sixth Circuit Court of Appeals recognized a federal court's authority to fashion relief as justice requires in the case of Glenn v. Dallman, 686 F.2d 418, 423 (6th Cir. 1982), citing Peyton v. Rowe, [companion case decided simultaneously with Carafas] 391 U.S. 54, 66, 88 S.Ct. 1549, 1555, 20 L.Ed.2d 426 (1968); and Byrd v. Smith, 407 F.2d 363, 366 n. 8 (5th Cir. 1969). Therein, the Sixth Circuit noted that a successful petitioner's having obtained final release during the course of his habeas corpus proceedings complicates the process of determining an appropriate remedy; the fact that a petitioner is no longer in custody in any traditional sense does not automatically moot his claim for relief nor defeat federal jurisdiction over the matter, Glenn v. Dallman at 422, citing Carafas. The Sixth Circuit further elaborated:

> If there is any possibility that "adverse collateral legal consequences" will flow from a prior conviction a defendant has sufficient stake in challenging that conviction to prevent the case becoming moot even though the defendant is no longer in custody or under parole.

3

> [Citations omitted.] As the Supreme Court recognized in Carafas, a prior conviction may place numerous legal disabilities and burdens on a habeas corpus petitioner's civil liberties that he would not have if his conviction were expunged. If petitioner in the present case were entitled to complete eradication of any felony conviction from his record . . . then quite clearly petitioner would have the substantial stake in challenging his conviction required to save this proceeding from mootness. Glenn v. Dallman at 422-423.

The Court acknowledged that the federal habeas corpus statute permits federal courts to fashion relief as justice requires, and accordingly the Court directed the reclassification of the petitioner's conviction. The Court likened its remedy to one fashioned by the 4th Circuit in the case of Wood v. Ross, 434 F.2d 297, 300 (4th Cir. 1970) [overturned on other grounds by North Carolina v. Rice, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971)], wherein a successful habeas corpus petitioner who had completed a five-year sentence was entitled to "issuance of the writ with complete cancellation of the record of his (state) convictions."

It is antithetical to the concept of habeas corpus for a court to have the authority to award a conditional writ to a successful petitioner, but to lack the authority to enforce the writ once the conditions contained therein are not fulfilled. A conditional writ by definition assumes that the Court retains jurisdiction for its enforcement, see for example Phifer, v. Warden, United States Penitentiary, Terre Haute, Indiana, 53 F.3d 859, 865 (7th Cir. 1995). Finally, the habeas corpus statutes themselves would appear to give a habeas court the latitude to use its equitable or injunctive powers to dispose of a habeas corpus matter "as law and justice require." 28 U.S.C. §2243.

Respondent first argues that Petitioner was required to file a timely appeal or Rule 59 motion if the terms of the Judgment granting the conditional writ were not agreeable to her. The Court rejects this notion. First, it was the Respondent that actually availed itself of an appeal to the Sixth Circuit to challenge the grant of the writ, only to abandon that appeal some several months after its

4

filing. Secondly, even if for the sake of argument the Petitioner is correct, this Court always retains jurisdiction of matters before it for purposes of making corrections to its judgments on its own motion under Fed.R.Civ.P. Rule 60.

Respondent's second argument is that habeas corpus principles from the overturned United States Supreme Court case of Fay v. Noia, 372 U.S. 391, 430-431, 83 S.Ct. 872, 9 L.Ed.2d 837 (1963) which was adopted by the Sixth Circuit in dicta in the unpublished decision of Moore v. Rose, 19 F.3d 1433, 1994 WL 102958 (6th Cir. 1994), should be controlling. Specifically, Respondent relies upon the following language to suggest that a federal district court lacks any other habeas authority than the power to release a successful petitioner:

> Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment; it can act only on the body of the petitioner.

This narrow interpretation of a federal court's habeas power has been supplanted by the adoption of the federal habeas corpus statutes contained in 28 U.S.C. §2241 et seq. Such a restrictive approach is contrary to the interpretation of the habeas corpus statutes made by numerous other federal courts throughout the United States.

See for example, Riggs v. Fairman, 399 F.3d 1179 (9th Cir. 2005), a district court has considerable discretion in fashioning a remedy tailored to the injury suffered from the constitutional violation, and a court must consider the unique facts and circumstances of a particular case; Jeanty v. Bulger, 204 F.Supp.2d 1366 (S.D.Fla. 2002), a court granting a writ of habeas corpus may also issue an injunction in aid of the writ; Gall v. Parker, 231 F.3d 265 (6th Cir. 2000), a habeas court has broad discretion in fashioning habeas relief; Hannon v. Maschner, 981 F.2d 1142 (10th Cir. 1992), a district court may exercise its broad authority in habeas cases to grant any relief it deems

5

necessary, including permanent discharge of a successful habeas petitioner; Hilton v. Braunskill, 107 S.Ct. 2113 (1987), federal courts have largest power to control and direct the form of judgment entered in cases brought up on habeas corpus; Jean v. Meissner, 90 F.R.D. 658 (S.D.Fla. 1981), where appropriate, a habeas court may grant injunctive, declaratory and mandatory relief; Hobson v. Murray, 485 F.Supp. 1340 (E.D.Va. 1980), federal courts are not narrowly restricted in fashioning an appropriate remedy on granting petition for writ of federal habeas corpus relief but instead, the court is charged to dispose of the matter as law and justice require; U.S. ex. Rel. Marrero v. Warden, Lewisburg Penitentiary, 483 F.2d 656 (3rd Cir. 1973), immediate and unconditional release is not the only remedy available in a habeas corpus proceeding.

    The United States Supreme Court has recognized the viability of a petitioner's claim for habeas relief despite the expiration of his sentence and despite the fact that his civil rights, including suffrage and the right to hold public office, had been restored, Evitts v. Lucey, 469 U.S. 387, 391, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).  The Court has also admonished that conditional writs must be tailored to ensure that all constitutional defects will be cured by the satisfaction of the condition precedent, Hilton v. Braunskill, 481 U.S. 770, 775, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).

    The Conditional Writ of Habeas Corpus entered in this case gave the Commonwealth the opportunity to cure the constitutional defects found by this Court.  The Commonwealth elected not to re-try Gentry, nor did it fully prosecute its appeal of the Judgment granting the Writ.  Accordingly, this Court finds that the condition precedent contained within the Conditional Writ was not met, and an Absolute Writ of Habeas Corpus is granted to Petitioner with instructions for the state court judgment of conviction to be vacated.  A Judgment in conformity with this Memorandum Opinion has this day been entered.